IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

    Plaintiff,                   No. CIV S-06-1032 FCD PAN P

    vs.

JOHN DOVEY, et al.,

    Defendants.           <u>ORDER</u>

                        /

        Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983.  On June 7, 2006, the court dismissed plaintiff's complaint with leave to file an amended complaint.  On July 6, 2006, plaintiff filed an amended complaint.

        The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim under 42 U.S.C. § 1983, plaintiff must allege a defendant deprived him of a federal right conferred by the Constitution or laws of the United States while acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988). To state a claim he received constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing defendants knew of and disregarded plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 837 (1994). Neither negligence on the part of defendants nor plaintiff's general disagreement with the treatment he received suffices to state a claim. Estelle, 429 U.S. at 106; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir. 1996).

To state a claim he was denied access to the courts, plaintiff must allege that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons

trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts.  Lewis v. Casey, 518 U.S. 343 (1996).

Plaintiff alleges that some defendants routinely fail to enforce the state-law requirement that corrections officers wear their identification badges unobscured such that plaintiff can identify them by name in a grievance or to obtain some basic necessity of life.

A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff does not allege facts showing the failure to enforce the identification requirement caused a violation of his rights.

Plaintiff alleges that other defendants routinely conceal their identification badges to facilitate violating his constitutional rights.  He identifies these defendants by name.

Since plaintiff identifies these defendants, the concealment is not a constitutional violation and so he must allege facts in support of the violation itself, such as the denial of medical care.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 6, 2006, amended complaint is dismissed; and

2. Plaintiff is granted 30 days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second-amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: August 4, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\wils1032.14amnd new