IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

        Plaintiff,                        No. CIV S-06-1032 FCD EFB P

        vs.

JOHN DOVEY, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel prosecuting this civil rights action *in forma pauperis*. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       On May 11, 2006, plaintiff filed a complaint, which on June 7, 2006, the court dismissed with leave to amend upon the ground the complaint was so vague and conclusory that the court could not discern whether it stated a claim for relief. On July 6, 2006, plaintiff filed a first-amended complaint. On August 8, 2006, the court found that the amended complaint failed to state a claim for relief, identified its deficiencies, explained how to cure them and dismissed the complaint with leave to amend. On September 5, 2006, plaintiff filed a second-amended complaint.

////

The court has reviewed plaintiff's second-amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it also fails to state a claim.

Plaintiff alleges the following: (1) defendants Dovey, Tilton, Herndandez, Barnes, Oliveros, Avila, Panichello, Perez, Pitman, Cuevas, Roberts, Marshall, Harrison, Carey, Veal, Providence, Twyman, Krestch, Lewis and Appleberry routinely fail to enforce the state-law requirement that employees of the California Department of Corrections and Rehabilitation wear identification badges unobscured such that they can be identified either to request assistance or to file a grievance against them; (2) defendants Cota, Jenson, Grannis and Surges denied plaintiff's appeals complaining the policy requiring name badges had been violated; and, (3) defendants Dizon and Tucci either failed to wear identification badges or failed to wear them unobscured when plaintiff had contact with them.[1]

To state a claim under 42 U.S.C. § 1983, plaintiff must allege that an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The violation of a state regulation where no federal right is implicated is not remediable under section 1983. *See Myron v. Terhune*, 457 F.3d 996, 999-1000 (9th Cir. 2006).

Prisoners have a First Amendment right to file prison grievances. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). But they have no right to any particular response. *See McDonald v. Smith*, 472 U.S. 479, 482 (1985) (right to petition is a right of expression); *see also*, *Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (plaintiff who alleged public officials violated his First Amendment to petition the government by not responding to his letters or taking the actions requested therein failed to state a claim).

////

---

[1] There is notable irony in plaintiff's allegation that the failure of these defendants to wear name badges hinders attempts to utilize formal and informal remedies within the prison, but plaintiff obviously knows them by sight and identifies them by name in this lawsuit.

To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

Plaintiff's allegations, which are nearly identical to those in the first-amended complaint, are insufficient to state a claim under any of these theories.

For these reasons, it is hereby recommend that this action be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   December 19, 2006.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE